UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 12-2833-MJ-O'SULLIVAN

UNITED STATES OF AMERICA,
    Plaintiff,

v.

WILLIAM A. WHITE,
    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Rule 41 Motion for Return of Seized Property (DE# 9, 11/13/12) filed by the defendant. Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the Rule 41 Motion for Return of Seized Property (DE# 9, 11/13/12) is **GRANTED in part and DENIED in part** for the reasons stated herein.

The defendant seeks the return of property seized from him on June 9, 2012. The government has agreed to return several of the items seized from the defendant. See Government's Response to William A. White's Pro Se Rule 41 Motion for Return of Seized Property (DE# 13 at 1, 11/30/12).[1] However, the government intends to retain possession of the following items: "all of the electronic media and adapters (Items #8, 9, 10, 11, 12, 14, and 15), all of the foreign currency including White's rare coin collection (Items #21, 22, 23, 24, 25, and 26), and the books 'Centuries of Revolution' (Item #2) and 'Investigations into Germanic Mythology' (Item #3) seized from White at the time of

---

[1] The defendant filed Defendant's Reply to Government's Response to Defendant's Rule 41 Motion (DE# 15-1) on December 20, 2012. The Court has accepted this document as timely. See Order (DE# 16, 1/2/13).

his arrest." See Exhibit A: Declaration of Michele L. Krempa (DE# 13-1 at 5, 11/30/12). The government asserts that "[t]hose items are evidence or may contain evidence relevant to an ongoing criminal investigation being conducted by two FBI offices concerning threatening communications believed to have been posted by White on the internet." See Government's Response to William A. White's Pro Se Rule 41 Motion for Return of Seized Property (DE# 13 at 1, 11/30/12). The government further maintains that "[t]hese items . . . confirm White's identity and that he fled the United States to Mexico." See Exhibit A: Declaration of Michele L. Krempa (DE# 13-1 at 5, 11/30/12).

"Rule 41(g) provides a mechanism by which an individual may recover property that the government has taken as evidence." United States v. Guerra, 426 Fed. App'x 694, 697 (11th Cir. 2011). Rule 41(g) of the Federal Rules of Criminal Procedure states as follows:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

FED. R. CRIM. P. 41(g).

The Court may deny a motion for the return of property under FED. R. CRIM. P. 41(g) where the government has provided a legitimate reason to require continued possession of the seized property. United States v. Price, No. 10-60243-CR, 2011 WL 2651802, at *1 (S.D. Fla. Jul. 7, 2011). The Advisory Committee Notes accompanying the 1989 amendments to what is now Rule 41(g) provide that "[i]f the United States has a need for the property in an investigation or prosecution, its retention of the property is

2

generally reasonable. But if the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the property would become unreasonable." Id. (quoting FED. R. CRIM. P. 41(g), Advisory Committee Notes to 1989 Amendments of Rule 41(e)).[2] Here the government has filed the affidavit of FBI Special Agent Michele L. Krempa indicating that the seized items listed above are of evidentiary value to its ongoing investigation of the defendant.

The undersigned has reviewed the arguments raised by the defendant in his motion and in his reply and is not persuaded by them. The defendant argues that the government has not shown that the property was seized and searched pursuant to United States law. See Defendant's Reply to Government's Response to Defendant's Rule 41 Motion (DE# 15-1 at 4, 12/20/12) (stating that "[g]laringly omitted from the government's response is any indication that any of the property has been legally seized or searched according to American law."). The property in the instant case was seized by Mexican authorities following the defendant's arrest in Mexico. See Government's Response to William A. White's Pro Se Rule 41 Motion for Return of Seized Property (DE# 13 at 3, 11/30/12). Generally, the protections of the fourth amendment against unreasonable searches and seizures do not extend to arrests and searches "made by foreign authorities on their home territory and in the enforcement of foreign law, even if the persons arrested and from whom the evidence is seized are American citizens." United States v. Morrow, 537 F.2d 120, 139 (5th Cir. 1976), cert. denied, 430 U.S. 956 (1977) (citing Birdsell v. United States, 346 F.2d 775, 782 (5th

---

[2] "In 2002, Federal Rule of Criminal Procedure 41(e) was reclassified as Rule 41(g) with no substantive changes." United States v. Palacios Gonzalez, 372 Fed. App'x 996, 999 n.2 (11th Cir. 2010) (citation omitted).

Cir. 1965));³ see also United States v. Behety, 32 F.3d 503 (11th Cir.1994).

An exception to the general rule arises when American law enforcement officials participate in the foreign search, or when the foreign authorities actually conducting the search are acting as agents for their American counterparts. See Morrow, 537 F.2d at 139 (citing Birdsell, 346 F.2d at 782 n.10). "[C]ourts in this and other circuits that have reviewed U.S. involvement in foreign searches and seizures have engaged in a case-by-case analysis and have not applied a bright-line test of what amounts to "substantial participation" by American law enforcement officials or when foreign officials act as agents of the U.S. government." United States v. Ramcharan, No. 04-20065-CR, 2008 WL 170377 at *8 n.11 (S.D. Fla. Jan. 14, 2008). In Behety, a DEA agent informed Guatemalan authorities that a U.S. boat with three Americans onboard had arrived in Guatemala for the purpose of picking up a load of cocaine. Behety, 32 F.3d at 511. The DEA agent was present for the search of the vessel at the request of the Guatemalan military and the agent videotaped the search. Id. The DEA agent took possession of the evidence and arranged to transport it and the defendants back to the United States for prosecution. Id. The Eleventh Circuit, rejected the argument that the DEA's actions caused the search and seizure onboard the vessel to fall within the protections provided by the Fourth Amendment. Id.

Here, the United States government had less involvement in the defendant's arrest than in Behety. Although the defendant was arrested by Mexican authorities at the request of the FBI, there is no evidence that an FBI agent was present at the time

---

³The Eleventh Circuit in Bonner v. City of Prichard, 661 F. 2d 1206, 1207 (11th Cir. 1981) (en banc), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

the search and seizure of the defendant's items took place in Mexico. The undersigned concludes that the Mexican authorities were not acting as agents of the United States government. See Behety, 32 F.3d at 511 (citing United States v. Hawkins, 661 F.2d 436, 455-56 (5th Cir. 1981) (DEA's notification of Panamanian authorities regarding suspected crash of plane carrying cocaine insufficient to trigger Fourth Amendment protections), cert. denied, 456 U.S. 991 (1982); United States v. Heller, 625 F.2d 594, 599-600 (5th Cir.1980) (tip from United States officials to British police regarding defendant insufficient to trigger Fourth Amendment); Morrow, 537 F.2d at 140 (communication between United States and Canadian law enforcement officials of name and number of informant insufficient to trigger exception to general rule of inapplicability); Birdsell, 346 F.2d at 782-83 (FBI agents' arrival and inspection hours after arrest insufficient participation to trigger Fourth Amendment rights)).

The defendant further argues that there is no evidence that the items seized would be admitted as evidence in Court. See Defendant's Reply to Government's Response to Defendant's Rule 41 Motion (DE# 15-1 at 4, 12/20/12) (stating "[n]or does the United States indicate the Mexican authorities produced any evidence related to the chain of custody, the terms under which the seizure occurred, or anything that would allow any of the seized property to be admitted as evidence in a US Court."). The government is not required to show that the evidence seized is admissible evidence in order to retain possession of the items to further its criminal investigation of the defendant. Whether the items seized are admissible in Court will be determined at trial if the government decides to charge the defendant and use the items as evidence.

The defendant maintains that the government did not have probable cause to seize or search the items. See Defendant's Reply to Government's Response to

Defendant's Rule 41 Motion (DE# 15-1 at 6, 12/20/12). The government believes that the electronic media are evidence or contain evidence relating to its ongoing investigation of the defendant. See Exhibit A: Declaration of Michele L. Krempa (DE# 13-1 at 5, 11/30/12). The government obtained search warrants for the electronic media (Items #8, 9, 10, 11, 12, 14 and 15). See Exhibit A: Declaration of Michele L. Krempa (DE# 13-1 at 4-5, 11/30/12). A valid search warrant must be supported by probable cause. See U.S. v. Gonzalez, 940 F.2d 1413 (11th Cir. 1991) "Great deference is accorded to the magistrate's determination of probable cause." Id. at 1419 (citing United States v. Leon, 468 U.S. 897, 914 (1984); Illinois v. Gates, 462 U.S. 213, 236 (1983)). Accordingly, the undersigned is not persuaded by the defendant's argument that the government lacked probable cause with respect to the search and seizure of the electronic media.

With respect to the books in the government's possession (Items #2 and 3), the government has indicated that these items are evidence or may contain evidence relevant to the ongoing criminal investigations of threatening communications sent over the Internet. See Exhibit A: Declaration of Michele L. Krempa (DE# 13-1 at 4, 11/30/12). Specifically, the government explains that the book entitled "Centuries of Revolution" (Item #2), a book written by the defendant, contains theories and beliefs that he openly discussed on his Facebook account and it serves to further identify the defendant as the user of that account during the same time period in which the threats were posted. See Exhibit A: Declaration of Michele L. Krempa (DE# 13-1 at 6, 11/30/12). Accordingly, the undersigned finds that the government had probable cause to search and seize the defendant's books.

With respect to the defendant's rare coin collection (Items #21, 22, 23, 24, 25

6

and 26), the government states that "[t]hese items in White's possession confirm White's identity and that he fled the United States to Mexico." See Exhibit A: Declaration of Michele L. Krempa (DE# 13-1 at 4, 11/30/12). However, the defendant already pled guilty to violating the terms of his supervised released by fleeing to Mexico. See Government's Response to William A. White's Pro Se Rule 41 Motion for Return of Seized Property (DE# 13 at 4, 11/30/12). The government further argues that "these items are evidence or may contain evidence relevant to the ongoing investigation of threatening communications sent over the Internet. See Exhibit A: Declaration of Michele L. Krempa (DE# 13-1 at 4, 11/30/12). However, the affidavit submitted by the government fails to specify how the rare coin collection is or may contain evidence relevant to the FBI's ongoing investigation of threatening communications. The undersigned finds that the government has not established a legitimate reason why it should continue to retain possession of the defendant's rare coin collection.

The defendant also argues that the government has retained his property for an unreasonable period of time. See Defendant's Reply to Government's Response to Defendant's Rule 41 Motion (DE# 15-1 at 5, 12/20/12) (stating that the government has had the property for six months and has failed "to secure an indictment."). Generally, retention of property seized by the government is reasonable as long as the government has a need for the property in an investigation or prosecution. See FED. R. CRIM. P. 41(g), Advisory Committee Notes to 1989 Amendments of Rule 41(e). In, United States v. Marabini, another case involving a Rule 41(g) motion for the return of property, the government argued that the property in its possession was properly seized as evidence of a crime and should not be returned until it was no longer needed as evidence. See U.S. v. Marabini, No. 06-80021-CR, 2006 WL 3921906, at *3 (S.D. Fla.

7

Dec. 28, 2006). After a careful review of the record and applicable law, this Court in Marabini, concluded that the defendant failed to establish that he was entitled to lawful possession of the property. Id. at *6 (citing United States v. Chambers, 192 F.3d 374, 377 (3d Cir.1999)).

When a motion for return of property is made while a criminal investigation is pending, the movant must demonstrate that he is entitled to the property. See Chambers, 192 F.3d at 377 (citing United States v. Martinson, 809 F.2d 1364, 1369 (9th Cir.1987)). Here, the government has indicated that certain items requested by the defendant are or may contain evidence in an ongoing criminal investigation. See Exhibit A: Declaration of Michele L. Krempa (DE# 13-1 at 4, 11/30/12). Accordingly, the undersigned is not persuaded by the defendant's argument that the government has retained the property for an unreasonable time.

The defendant argues that the government should not retain damaged items (a Kindle, a cellular telephone) and items from which no data was obtained (a camera) because they have no evidentiary value. See Defendant's Reply to Government's Response to Defendant's Rule 41 Motion (DE# 15-1 at 6, 12/20/12). The government has been unable to recover any data from both the damaged Kindle (Item #8) and the cellular telephone which was missing its SIM card (Item #10). See Exhibit A: Declaration of Michele L. Krempa (DE# 13-1 at 5, 11/30/12). Nonetheless, the government believes this may be evidence in this matter to the extent that the media was intentionally damaged or removed. See Exhibit A: Declaration of Michele L. Krempa (DE# 13-1 at 5, 11/30/12). Moreover, because the investigation is ongoing, the government anticipates that "the seized electronic media searched pursuant to the warrants will continue to be utilized in this investigation and may be further analyzed

during the course of this investigation in light of further forensic, technological and evidentiary developments." Exhibit A: Declaration of Michele L. Krempa (DE# 13-1 at 5-6, 11/30/12). Accordingly the undersigned finds that the government has demonstrated a legitimate interest in retaining the damaged items.

In sum, the government shall make arrangements for the return of the items it indicated in its response that it would be returning to the defendant and the defendant's rare coin collection. Because the defendant is in custody, the government shall comply with the Bureau of Prison's policy in returning these items to the defendant.

DONE AND ORDERED, in Chambers, at Miami, Florida this **11th** day of January, 2013.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record

Copies mailed by Chambers to:
William A. White
Prisoner ID: 13888-084
FCI Loretto
Federal Correctional Institution
P.O. Box 1000
Loretto, PA 15940